United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40246
Summary Calendar
_____

EDWARD LEE HOLLOWAY,

Plaintiff-Appellant,

versus

ALBERT OGUEJIOFOR, DR.; P. A. LYNCH; CAROL SELF, R.N.; MELODY
MORRIS, AVIS LOPEZ; UNIVERSITY OF TEXAS SYSTEM, Health Services
Division; CHARLES MULLINS, Dr., Vice Chancellor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-02-CV-323
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Edward Lee Holloway, Texas prisoner # 744655, appeals the
district court's dismissal as frivolous of his pro se, in forma
pauperis, 42 U.S.C. § 1983 complaint. Holloway alleged that the
defendants were deliberately indifferent to his serious medical
needs when he had a heart attack.

Holloway's claim has an arguable basis in law. See Estelle
v. Gamble, 429 U.S. 97, 104-06 (1976); Stewart v. Murphy, 174

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 530, 533-534 (5th Cir. 1999). Because Holloway's claim is not "based on an indisputably meritless legal theory," it is not frivolous, although it may ultimately be determined to be without merit. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Accordingly, the district court's dismissal of this action as frivolous is VACATED and the case is REMANDED for further proceedings.

Additionally, our review of the record shows Holloway indicated in his complaint that he had not exhausted the prison's grievance procedure. Exhaustion of administrative remedies is a threshold requirement for the filing of a prisoner § 1983 action. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524-32 (2002); Wendell v. Asher, 162 F.3d 887, 890-91 (5th Cir. 1998). Therefore, on remand, the district court should make a determination whether Holloway has exhausted administrative remedies.

VACATED AND REMANDED.