United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41021
Summary Calendar

EDWARD LEE HOLLOWAY,

Plaintiff-Appellant,

versus

DR. ALBERT OGUEJIOFOR; P. A. LYNCH; RN CAROL SELF;
MELODY MORRIS; AVIS LOPEZ; UNIVERSITY OF TEXAS SYSTEM,
HEALTH SERVICES DIVISION; DR. CHARLES MULLINS, Vice
Chancellor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:02-CV-323
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Edward Lee Holloway, Texas prisoner # 744655, appeals the district court's dismissal of his pro se, in forma pauperis ("IFP"), 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. Holloway alleged that the defendants were deliberately indifferent to his serious medical needs when he had a heart attack.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We previously vacated the district court's judgment dismissing Holloway's suit as frivolous and directed the district court to determine whether Holloway had exhausted his administrative remedies. See Holloway v. Oquejiofor, No. 04-40246 (5th Cir. Oct. 20, 2004). On remand, Holloway sufficiently alleged that he exhausted the administrative remedies available to him. See Days v. Johnson, 322 F.3d 863, 865 (5th Cir. 2003).

To the extent Holloway attempts to incorporate arguments he made in previous pleadings to this court into his appellate brief, he may not do so. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, he cannot simply rely on this court's previous opinion vacating the district court's dismissal of his suit as frivolous to support his argument that the district court erred in dismissing his suit for failure to state a claim. Contrary to Holloway's assertion, the standard of law for dismissing a case as frivolous is not the same as that for dismissing a case for failure to state a claim. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); Clay v. Allen, 242 F.3d 679, 680 (5th Cir. 2001). A suit can fail to state a claim and be nonfrivolous. See Neitzke v. Williams, 490 U.S. 319, 320 (1989).

Holloway's failure to properly address the district court's dismissal of his suit for failure to state a claim does, standing alone, warrant the dismissal of this appeal as frivolous. See

Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744,
748 (5th Cir. 1987). Additionally, however, we note that
Holloway's allegations failed to state a claim that the
defendants were deliberately indifferent to his serious medical
needs. Nurse Morris administered three electrocardiograms
("EKG") over the course of approximately two hours, twice
administered medicine that was ordered by Physician's Assistant
Lynch, and did not release Holloway to his cell until a normal
EKG was conducted, Holloway told her his pain was dissipating,
and Holloway was able to walk unassisted. While Holloway may
have disagreed with the treatment he received from Morris and
Lynch, their level of care does not demonstrate that they were
deliberately indifferent to his medical needs or that they knew
there was a substantial risk of harm in releasing him to his
cell. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).
Similarly, Nurse Self's actions in checking Holloway's heart
despite his assertion of indigestion and her treatment of his
symptoms with medicine for indigestion after an EKG yielded non-
specific results does not indicate that she was deliberately
indifferent to his medical needs or that she knew he faced a
substantial risk of harm if he was released back to his cell.
See id.

During a follow-up examination, Nurse Lopez "diagnosed"
Holloway with heartburn and referred his chart to a doctor for an
appointment. Although Nurse Lopez's misdiagnosis may have

constituted negligence, her belief that Holloway was suffering from heartburn belies Holloway's assertion that she knew he was suffering from an ongoing heart attack and that she was deliberately indifferent to his serious medical need of treatment for that medical problem.  Id.

Finally, Holloway made no specific allegations in support of his assertion that Dr. Charles Mullins failed to supervise his employees at the University of Texas System, Health Services Division properly.  He also failed to allege that Drs. Mullins or Oguejiofor were personally involved in his medical treatment. See Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990).

Holloway's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  Holloway is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  He is also cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.