United States Court of Appeals,
Fifth Circuit.
No. 95-50297.

Jack Warren DAVIS;  Patsy Bates Davis, Plaintiffs-Appellants,

v.

Fred S. ZAIN;  Vincent J.M. Di Maio, Dr.;  Bexar County, Texas, Defendants-Appellees.

March 28, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:

After reviewing the record, studying the briefs of the parties, and considering the arguments presented to this court, we have concluded that the district court erred in dismissing without prejudice the suit brought under 42 U.S.C. § 1983 by Jack Warren Davis and Patsy Bates Davis (together, "Davis") against Fred S. Zain, Vincent J.M. Di Maio, and the Bexar County Medical Examiner's Office (together, the "defendants").

Davis seeks damages in this § 1983 suit from the defendants arising from their role in the allegedly unconstitutional conviction of Davis in 1990 for capital murder.  In *Davis v. State*, 831 S.W.2d 426 (Tex.App.—Austin 1992, pet. ref'd), the Court of Appeals of Texas reversed Davis's 1990 conviction and remanded for a new trial, after finding that the district attorney engaged in prosecutorial misconduct and suborned perjury.  Subsequent to the reversal, counsel for Davis uncovered, in the words of the State of

1

Texas, "more serious and probably perjurious misconduct of Fred Zain." Davis then filed a pretrial writ of habeas corpus in state court, seeking dismissal of the second prosecution against him on grounds of double jeopardy and violation of his right to due process. As support for his due process claim, Davis raised the knowing use of Zain's perjured testimony and other prosecutorial misconduct. Although the habeas court denied Davis's requested relief, it found numerous "irregularities" in the defendants' handling of evidence in Davis's 1990 murder trial, including the probability that Zain committed aggravated perjury in testifying at that trial. The State of Texas has conceded the misconduct observed by the appeals and habeas courts, and has indicated that it will not rely upon this evidence at retrial. Davis now awaits a second criminal trial. In the meantime, Davis filed this § 1983 suit against the defendants, alleging that Zain's investigation, testing and testimony in connection with his conviction for capital murder were inaccurate, and that the inaccuracies resulted from the policies, practices and customs of Bexar County and its medical examiner, Di Maio.

Citing the Supreme Court's recent opinion in *Heck v. Humphrey,* --- U.S. ----, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the district court here dismissed Davis's § 1983 suit on the grounds that the criminal proceeding against Davis had not terminated in his favor and, consequently, that his § 1983 claim had not accrued. We disagree with this reading of *Heck.*

The Supreme Court in *Heck* made clear that

2

> [I]n order to recover damages for allegedly unconstitutional
> conviction or imprisonment or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence
> invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question
> by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254. A claim for damages bearing that relationship
> to a conviction or sentence that has not been so invalidated
> is not cognizable under § 1983.

*Heck,* --- U.S. at ----, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at ----, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of *outstanding criminal judgments* applies to § 1983 damages actions that necessarily require the plaintiff to prove *the unlawfulness of his conviction or confinement, ...*") (emphasis added).

Davis squarely meets the requirements of *Heck.* The question arising from Davis's criminal trial over which he is now suing—his allegedly wrongful 1990 conviction in state court using tainted evidence—has been fully adjudicated in his favor: the conviction has been reversed. We therefore conclude that his § 1983 claim relating to that conviction has accrued.

Furthermore, it is highly unlikely that Davis's § 1983 suit will implicate the validity of his pending retrial for capital murder—for which no date has yet been fixed. The State of Texas has indicated that it "does not intend to use any evidence tainted by Mr. Zain" in retrying Davis for capital murder. Consequently,

3

there is little likelihood here for conflict between Davis's § 1983 suit and the pending state court criminal proceeding. The state asserts that if Davis's § 1983 suit goes forward before or during his criminal retrial, he can conduct civil discovery more broadly than criminal discovery, and the state will incur the vexation of two trials. It is the state's conduct, however, that led to this situation when it initially prosecuted Davis with tainted evidence. Moreover, if some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay or, perhaps, abstention. *See Heck,* --- U.S. at ----, n. 8, 114 S.Ct. at 2373, n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). *But compare Allen v. Louisiana State Bd. of Dentistry,* 835 F.2d 100, 104 (5th Cir.1988) ("[R]equests for monetary damages do not fall within the purview of the *Younger* abstention doctrine.")

In sum, we are satisfied that in this case, Davis's § 1983 cause of action against the defendants has accrued. The district court did not reach the defendants' dispositive motions, and neither do we. The judgment of the district court is therefore REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

4