REVISED - March 16, 2001

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 00-60623

(Summary Calendar)

————————————

LOUIS JAMES CLAY, JR.,

Plaintiff-Appellant,

versus

MON CREE ALLEN; MARY R. THOMPSON,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi, Jackson

March 6, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:

Louis James Clay, Jr. ("Clay"), Mississippi inmate #08452, appeals the dismissal of his 42 U.S.C. § 1983 claim against Mon Cree Allen ("Allen") and Mary R. Thompson ("Thompson"), a circuit court clerk and a court reporter, respectively, for Wilkinson County. The district court ruled that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred his suit. We affirm in part, vacate in part, and

remand for further proceedings.

A Mississippi jury convicted Clay of aggravated assault, and sentenced him to twenty years as a habitual offender. Clay initiated a *pro se* § 1983 suit against Allen and Thompson, seeking one million dollars in damages. He alleges that Allen violated his constitutional rights by charging him excessive bail, hand-picking a jury pool with the purpose of convicting him, and failing to file court documents properly. Clay also alleges that Allen and Thompson conspired to tamper with court records and transcripts.

The district court *sua sponte* dismissed his suit for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2) (allowing a judge at any time to dismiss an *in forma pauperis* case for failure to state claim). The court noted that a plaintiff seeking monetary damages under § 1983 for allegedly unconstitutional conviction)⟩whose unlawfulness would render the conviction invalid)⟩must first prove that the conviction has been reversed on direct appeal or otherwise expunged. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The rationale behind *Heck* is that a successful § 1983 suit would imply the invalidity of the criminal conviction and lead to inconsistent results. This rule "avoids parallel litigation over the issues of probable cause and guilt. . .and it precludes the possibility of the claimant. . .succeeding in the tort action after having been convicted in the underlying criminal prosecution." *Heck*, 512 U.S. at 484 (citations omitted). In addition to relying on the *Heck* rule, the court added that Clay could not file an action against Allen because he enjoys absolute immunity as a court clerk.

Shortly after Clay had filed his suit, the Mississippi Supreme Court reversed his conviction and ordered a retrial, holding that the court improperly revoked the defendant's indigent status and set excessive bail. *See Clay v. Mississippi*, 757 So.2d 236 (Miss. 2000). Clay apparently failed to

inform the federal district court about the reversal of his state conviction; consequently, the district court did not consider it in issuing its dismissal of the § 1983 claim. Clay now appeals the district court's decision, pointing to the reversal of his state conviction.

We review *de novo* the dismissal of an *in forma pauperis* complaint for failure to state a claim. *See Black v. Warren*, 134 F.3d 732 (5th Cir. 1998). We must assume that all of the plaintiff's factual allegations are true, and we may uphold the dismissal "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

As a preliminary matter, we must first discuss Clay's contention that the district court judge should have recused himself. Without providing further details, Clay claims that the judge was biased because he, *inter alia*, is a lifelong resident of Wilkinson County; is related by blood and marriage to some of the appellants; has political ties with them; has formerly represented some of them; and has had business dealings with them. Clay raises this recusal argument for the first time on appeal.

Although this court has not established a *per se* rule against recusal arguments raised for the first time on appeal, we have nevertheless on many occasions rejected untimely recusal challenges. *See United States v. Sanford*, 157 F.3d 987 (5th Cir. 1998) (dismissing the defendant's recusal challenge as untimely). We refuse to entertain Clay's untimely recusal challenge because he "has shown neither good cause why he did not file an affidavit requesting the trial judge to recuse himself. . .nor exceptional circumstances why we should consider [the issue] for the first time on appeal." *Weiss v. Sheet Metal Workers Local No. 544 Pension Trust*, 719 F.2d 302, 304 (9th Cir. 1983).

The crux of Clay's appeal is that *Heck* no longer bars his § 1983 suit because the Mississippi

Supreme Court has reversed his conviction and ordered a retrial. The facts of *Heck* involved only an undisturbed conviction: an inmate, who was found guilty of manslaughter, brought a § 1983 suit against county prosecutors and police investigators. The Supreme Court affirmed the dismissal of the suit, noting that his conviction had not been reversed or expunged. The question posed here is whether *Heck* applies when a state court reverses a criminal defendant's conviction but orders a retrial, subjecting the defendant to a potential conviction in the future.

The Fifth Circuit has held that a criminal defendant may initiate a § 1983 suit if the state court has merely reversed the conviction; it does not necessarily matter if the defendant faces a pending criminal charge on retrial. *See Davis v. Zain*, 79 F.3d 18 (5th Cir. 1996).[1] In *Zain*, Davis was convicted of capital murder, but his conviction was overturned on direct appeal because the district attorney had engaged in prosecutorial misconduct and suborned perjury. The state conceded misconduct, and agreed that it would not rely on tainted testimony in the retrial. While the retrial was pending, Davis filed a § 1983 suit, alleging that he was unfairly convicted by tainted evidence. Ruling that *Heck* did not bar this suit, the Fifth Circuit allowed it to proceed on two grounds. First, the court noted that the "question arising from Davis's criminal trial over which he is now suing))his allegedly

---

[1] Other circuits, however, have held that, in the context of statute of limitations, a § 1983 cause of action accrues only when the conviction is outright dismissed without an order for a retrial. *See Smith v. Holtz*, 87 F.3d 108 (3rd Cir. 1996) (stating that a § 1983 cause of action accrues for statute of limitation purposes when the conviction is dismissed outright, not when it is reversed and remanded for a new trial); *Covington v. City of New York*, 171 F.3d 117 (2nd Cir. 1999) (ruling that § 1983 claim would not accrue for purposes of statute of limitations until the criminal charge was actually dismissed); *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999) (same); *Washington v. Summerville*, 127 F.3d 552 (7th Cir. 1997) (holding that a nolle prosequi was not a final termination for purposes of malicious prosecution); *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000) (stating that *Heck* applies to both actual and potential convictions in the context of accrual of cause of action) ; *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553 (10th Cir. 1999) (same); *Uboh v. Reno*, 141 F.3d 1000 (11th Cir. 1998) (holding that *Bivens* claim accrued after the dismissal of the criminal claims).

wrongful 1990 conviction in state court using tainted evidence)) has been fully adjudicated in his favor: the conviction has been reversed." *Id.* at 19. Second, it held that "there is little likelihood here for conflict between Davis's § 1983 suit and the pending state court criminal proceeding" because the state has "indicated that it does not intend to use any evidence tainted by Mr. Zain in retrying Davis for capital murder." *See Zain*, 79 F.3d at 19.

Applying *Zain* to our case, we hold that *Heck* does not bar Clay's § 1983 suit. In reversing his conviction, the Mississippi Supreme Court has clearly ruled in Clay's favor on the claim that the trial court erred in setting an excessive bail. Thus, at least on the matter of excessive bail, there can be no future conflict between Clay's § 1983 suit and any potential future conviction. Admittedly, the Mississippi Supreme Court did not address Clay's other allegations (e.g., tampering of court records, the handpicking of jury). However, these other allegations similarly would not conflict with any potential conviction on retrial.

A threshold question for a *Heck*-type analysis is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction. In our case, a judgment in favor of Clay would *not* render invalid a potential conviction on aggravated assault. *See Covington v. City of New York*, 171 F.3d 117, 123 (2nd Cir. 1999) (holding that even if a criminal defendant accused of larceny succeeded on his § 1983 suit based on false arrest, it would not necessarily undermine any potential future larceny conviction because independent evidence, aside from the confession arising out of the false arrest, might still convict him). Put another way, even if the district court ruled in the § 1983 suit that Allen and Thompson had violated Clay's constitutional right)) by tampering with trial records, handpicking the jury in the first trial, setting an excessive bail, etc.)) it would not undermine any potential conviction in the retrial, because that conviction would not likely be based upon the

-5-

alleged misconduct of Allen and Thompson. Thus, we allow Clay to proceed with his § 1983 suit.

The district court also ruled that Allen, as a court clerk, enjoyed absolute immunity from monetary damages. To the extent that Clay seeks monetary damages from Allen for charging excessive bail, we agree with the district court that he is absolutely immune. Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). Since the judge had used his discretion in setting the bail and Allen merely followed the judge's wishes, Allen derives absolute immunity from the judicial function of the act. *See Williams v. Woods*, 612 F.3d 982, 985 (5th Cir. 1980). However, Allen enjoys only qualified immunity for those routine duties not explicitly commanded by a court decree or by the judge's instructions. *Id.* The current state of the record does not permit consideration of whether Allen's actions entitle him to qualified immunity.

In short, we hold that Clay's § 1983 suit is not barred by *Heck*, and that, except for the setting of bail, Allen does not enjoy absolute immunity from monetary damages for any of his alleged actions.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.