IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-40350

Summary Calendar

JON MICHAEL WITHROW,

Plaintiff-Appellant,

versus

JASON HEATON, et al.

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(6:00-CV-627)

September 24, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Withrow, a prisoner, alleges that prison officials refused to repair windows during winter despite extremely cold temperatures in the prison. Withrow also claims that he was forced to walk 400 feet to the shower room in his underwear every day despite the extreme cold. Proceeding *pro se* and *in forma pauperis*, he appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous and as

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to state a claim upon which relief may be granted. We vacate and remand.

An *in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact.[1] We review the dismissal of an *in forma pauperis* complaint as frivolous for abuse of discretion.[2] We review *de novo* the dismissal of an *in forma pauperis* complaint for failure to state a claim.[3] We must assume that all of the plaintiff's factual allegations are true, and we may uphold the dismissal only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.[4]

The magistrate judge abused her discretion by dismissing Withrow's complaint as frivolous. In *Beck v. Lynaugh*,[5] this court reversed the dismissal of a claim that exposure to the elements during winter months because of missing window panes constituted cruel and unusual punishment.[6] Withrow's complaint presents facts that mirror the allegation in *Beck*.

In a case decided after *Beck*, the Supreme Court held that an inmate must satisfy two requirements to demonstrate that a prison

---

[1] *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

[2] *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).

[3] *Clay v. Allen*, 242 F.3d 679, 680 (5th Cir. 2001).

[4] *Id.*

[5] 842 F.2d 759 (5th Cir. 1988).

[6] *Beck*, 842 F.2d at 761.

official has violated the Eighth Amendment. First, the deprivation must "result in the denial of the minimal civilized measure of life's necessities." Second, the defendants must be "deliberate[ly] indifferen[t] to inmate health or safety."[7]

Broadly construed, Withrow's allegations state a cause of action under this standard. Prisoners have a right to protection from extreme cold,[8] and it is at least arguable that Withrow was subjected to extreme cold without adequate protection. Withrow has also sufficiently alleged that prison officials were indifferent to the health and safety of inmates. Withrow claims that while officers wore heavy winter coats, caps, and gloves and acquired space heaters for their stations to cope with the cold, they forced inmates to walk to the shower in their underwear. He alleges that officers would routinely tear down the cardboard coverings used by prisoners to keep out the cold wind, and that for one winter season the heating system was never turned on. Withrow's claims are not "pure fantasy or based upon a legally inarguable proposition."[9]

The magistrate judge also concluded that Withrow failed to allege a physical injury, as required by 42 U.S.C. § 1997e(e). Withrow's claim that exposure to extreme cold exacerbated his arthritis is sufficient. Withrow need not allege that he was

---

[7] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[8] *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999) (*quoting Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997)).

[9] *Eason*, 14 F.3d at 10.

seriously harmed, but merely that there was an injury in fact.

Accordingly, the district court's decision is VACATED and REMANDED for further proceedings consistent with this opinion.