United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60413
Summary Calendar

LOUIS JAMES CLAY, JR.,

Plaintiff-Appellant,

versus

MON CREE ALLEN; MARY R. THOMPSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CV-39-BrS

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

Louis James Clay, Jr., Mississippi Inmate No. 08452, proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 action, appeals the district court's grant of summary judgment in favor of defendant Mon Cree Allen, and the district court's dismissal without prejudice of his claims against Mary R. Thompson for lack of service.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clay does not address the merits of the district court's grant of summary judgment in either his initial or reply brief. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Clay argues that the district court erred in dismissing his complaint against the court reporter, Thompson, pursuant to FED. R. CIV. P. 4(m), for failure to provide a valid address for service. This court reviews a dismissal for failure to effect timely service of process for an abuse of discretion. Lindsey v. United States R.R. Retirement Bd., 101 F.3d 444, 445 (5th Cir. 1996). Based on our review of the record, we conclude that the district court did not abuse its discretion. See Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (plaintiff may not remain silent but must attempt to remedy any apparent service defects).

Clay argues that the district court erred by denying his requests for appointment of counsel. The court is not required to appoint counsel for an indigent plaintiff raising a 42 U.S.C. § 1983 claim in the absence of "exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Based upon our review of the record, we conclude that the district court did not abuse its discretion because Clay has not shown such exceptional circumstances are present in this case.

2

Clay also states that he wishes to "resubmit" his motion to recuse District Court Judge David Bramlette. Clay also moved for recusal of Judge Bramlette during a prior appeal of this case. See Clay v. Allen, 242 F.3d 679, 680-81 (5th Cir. 2001). We refused to consider the argument because it was raised for the first time on appeal. See id. (citing United States v. Sanford, 157 F.3d 987, 988-89 (5th Cir. 1988)). On remand, Clay did not reurge his recusal motion in the district court, and we again decline to consider the argument.

**AFFIRMED.**