United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-20343

GEORGE V. FULLER,

Plaintiff-Appellant,

VERSUS

HARRIS COUNTY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(04-CV-633)

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant George V. Fuller, a former prisoner of Harris County, filed suit in district court, alleging constitutional and civil rights violations under 42 U.S.C. §§ 1981 and 1983 with regard to Harris County's alleged deliberate indifference to his serious medical needs, the result of which was the amputation of his leg above the knee. The district court issued an opinion in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which it determined Fuller was not entitled to relief. The district court thereafter entered final judgment against Fuller. Fuller filed a motion for a new trial, which the district court summarily denied. Fuller timely filed the instant appeal. For the reasons set forth below, we VACATE the district court's dismissal order and REMAND for further proceedings.

## BACKGROUND & PROCEDURAL HISTORY

Fuller was a prisoner of Harris County when, on July 25, 2003, while participating in recreational activities at the prison, he sustained a dislocated knee cap. Fuller was taken to LBJ Hospital in Houston, Texas. The hospital placed him in a knee stabilizer and told him to return to the hospital on July 31, 2003, for surgery. Fuller was not taken to the hospital for the prescribed procedure until August 19, 2003, despite the fact that he filed repeated sick call requests with officials at the jail beginning on July 31, 2003.

Following the surgery, Fuller was told by the hospital to return in 10-14 days for a post-operative examination. According to Fuller, he notified Dr. Porse in the jail clinic on September 4, 2003, 16 days after the surgery, that he was to be returned to the hospital for the scheduled follow-up. Dr. Porse examined Fuller and observed swelling in the knee. Dr. Porse prescribed antibiotics and sent Fuller back to his cell. The following day, Fuller noticed "a reddish drain" from the knee and informed the

2

duty nurse. According to Fuller, however, it wasn't until the fourth day after the drainage was first observed that he received a shot from the jail clinic. On September 9, 2003, Fuller was sent to the hospital where he underwent emergency surgery.

Fuller alleged that he received two operations and then demanded a second opinion at another hospital, which was denied. He also alleged that he asked a guard to obtain a form so that he could refuse further treatment, but that a doctor at the hospital had left specific instructions not to let him sign a refusal. According to Fuller, on September 12, 2003, he submitted to yet another surgery because he was under sedation and because he was previously denied a request to go to another hospital. Fuller's leg was then amputated above the knee. He was subsequently released from custody on November 10, 2003.

Fuller filed suit in district court, asserting constitutional rights violations under the Eighth and Fourteenth Amendments, and civil rights violations under 28 U.S.C §§ 1981 and 1983. Specifically, Fuller alleged that his injuries were the result of Harris County's deliberate indifference and gross negligence in responding to his immediate serious medical needs. The district court issued a brief opinion denying Fuller relief in which it found that "[t]he objective data show[ed] no lapse of care," and further determined that "[s]ince he had drugs and surgeries fit to his needs, no neglect or indifference appears." In its concluding sentence, the district court held that Fuller could "not sue under

3

the Constitution's requirement for regular, national government processes." The district court entered judgment against Fuller, who then filed a motion for a new trial, which the district court summarily denied. Fuller timely filed the instant appeal.

## DISCUSSION

It is unclear from its order whether the district court dismissed Fuller's claim as being frivolous or for its failure to state a claim on which relief may be granted. In the absence of such an express basis, we evaluate Fuller's complaint under both grounds for dismissal.

We review a district court's determination that a complaint is frivolous for an abuse of discretion. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). A complaint is frivolous if it lacks an arguable basis in law or fact, such as when a prisoner alleges a violation of a legal interest that does not exist. Id. A complaint lacks such a basis if it relies on an indisputably meritless legal theory. Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001). We must determine, therefore, whether Fuller's complaint sets forth facts that, taken together, assert a legally cognizable claim.

Alternatively, we review de novo a district court's dismissal for failure to state a claim on which relief can be granted. Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). This Court will affirm an order dismissing an action only if it

4

appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. <u>Clay v. Allen</u>, 242 F.3d 679, 680 (5th Cir. 2001) (internal quotations omitted).

In <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the Supreme Court addressed the rights of prisoners under the Eighth Amendment. The Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." <u>Id.</u> at 104; <u>see also Lawson v. Dallas County</u>, 286 F.3d 257 (5th Cir. 2002) (affirming a district court's award for damages under § 1983 to paraplegic inmate who alleged prison officials were deliberately indifferent to his serious medical needs).

Based on a review of Fuller's complaint, we conclude that it does not rely on an indisputably meritless legal theory. Although not artfully drafted, Fuller argues his Eighth Amendment right to be free from cruel and unusual punishment was violated when prison officials delayed in securing him the necessary medical services. Fuller specifically sets forth facts relating to his medical care (or alleged lack thereof) that give rise to an actionable claim. First, Fuller cites the 19-day span in which he argues his surgical operation, originally scheduled by the hospital, was delayed by Harris County. Fuller proceeds to detail how, following the first surgical procedure, Harris County was allegedly dilatory in returning Fuller to the hospital for a scheduled re-examination. It was during this delay, argues Fuller, that he began experiencing

5

a "reddish drain" in and around his knee in addition to a fever relating to the infection. Both of these conditions were allegedly known by the jail clinic, yet, according to Fuller's complaint, they nevertheless refused to return Fuller to the hospital to be examined. Furthermore, in his statement of claims for relief, Fuller specifically alleges:

> The policy, custom and practice by [Harris County] deprived plaintiff of his civil rights 42 USCA 1983, 1981 (A), his constitutional rights under the 8th amendment and the 14th amendment, subjecting plaintiff to deliberate indifference and intentional gross negligence to his immediate serious medical need.

We are not convinced that "no relief could be granted under any set of facts that could be proven consistent with the allegations." Clay, 242 F.3d at 680. Without speaking to the merits of his claim, we conclude that Fuller clearly states in his complaint that Harris County was deliberately indifferent to his serious medical needs. By doing so, Fuller presented the district court with a complaint containing alleged facts that, if taken as true, state a claim that has an arguable basis in law and cannot on its face be deemed frivolous. Such alleged facts require development through the civil discovery process. Accordingly, we VACATE the district court's dismissal of this action and REMAND the case for further proceedings.

**VACATED and REMANDED.**