United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-10884

_____

THE BURLINGTON NORTHERN SANTA FE INVESTMENT AND RETIREMENT PLAN; EMPLOYEE BENEFITS COMMITTEE OF THE BURLINGTON NORTHERN SANTA FE INVESTMENT AND RETIREMENT PLAN,

                                        Plaintiffs-Counter Defendants-Appellees,

versus

ANDREW S. MAVROVICH,

                                        Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(No. 4:04-CV-831)

_____

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Burlington Northern Santa Fe Investment & Retirement Plan (the "Plan") and the Plan's

Employee Benefits Committee, as the Plan's administrator, brought an action against a beneficiary

of the Plan, Andrew S. Mavrovich. The Plan sought compensation from Mavrovich, under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), for

_____

[*]Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

payments made to Mavrovich's former spouse for the diminution in value of her portion of Mavrovich's account. In addition, the Plan sought a declaration, under 28 U.S.C. § 2201, that the Plan's actions were in accord with ERISA. The district court granted summary judgment in favor of the Plan, and Mavrovich, proceeding *pro se*, appeals and asserts a host of improprieties. For the reasons that follow, we affirm.

At the outset, Mavrovich contests the district court's subject matter jurisdiction, contending that the amount in controversy is less than $75,000. This claim is without merit as the Plan properly alleged jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Further, 29 U.S.C. § 1132 expressly confers jurisdiction "without respect to the amount in controversy or the citizenship of the parties." 29 U.S.C. § 1132(f). *See also Ganze v. Dart Indus., Inc.*, 741 F.2d 790, 792 (5th Cir. 1984) (finding subject matter jurisdiction under ERISA).

Mavrovich raises two venue challenges: that venue was proper only in the District of Kansas and that, for the convenience of the parties, the district court should have transferred the action to the District of Kansas under 28 U.S.C. § 1404(a). We reject Mavrovich's claim that venue is proper only in the District of Kansas. Because the Plan is administered within the geographic boundaries of the Northern District of Texas, venue was proper there. 29 U.S.C. § 1132(e)(2). We also reject Mavrovich's claim that the district court abused its discretion in denying his motion to transfer. Mavrovich stated that he was medically and financially incapable of appearing in the Northern District of Texas. But Mavrovich failed to substantiate his claims of inconvenience in his motion to transfer; we, therefore, hold that the district court did not abuse its discretion in denying the motion to transfer.

Next, Mavrovich contends that the trial judge should have recused himself because Mavrovich

perceived a bias against *pro se* litigants. Mavrovich did not move for recusal below. Nor did Mavrovich make any showing as to why this claim should be entertained on appeal. Accordingly, Mavrovich has waived this argument. *Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001).

Mavrovich also argues that the district court should have abstained because of ongoing state litigation involving Mavrovich and his former spouse. Mavrovich failed to raise this argument before the district court; therefore, he cannot assert it for the first time on appeal. *Texas Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005).

Finally, Mavrovich challenges some evidentiary rulings by the district court. Mavrovich essentially complains that the district court wrongfully refused to admit certain evidence and that the district court allowed evidence offered by the Plan in error. It is not clear exactly what the bases of these arguments are. These claims are waived for failure to adequately brief them. *See Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 561 (5th Cir. 1997).

Turning to the merits of the summary judgment, we are mindful that summary judgment evidence must be viewed in the light most favorable to the non-movant. The Plan moved for summary judgment and, relying on verified documents and sworn statements, established that the distributions to Mavrovich's former spouse were proper under ERISA and that the Plan was entitled to recover for its distributions. In doing so, the Plan shifted the burden to Mavrovich to identify, by reference to specific facts, some genuine factual issue for trial. *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 769 (5th Cir. 2002). In the face of competent summary judgment evidence, Mavrovich's naked assertions are insufficient to demonstrate a genuine issue of material fact. *Id.*

The district court determined that no genuine issues of material fact existed and that the Plan was entitled to a judgment as a matter of law. Based on our de novo review, we agree and,

accordingly, we AFFIRM.