United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60952
Summary Calendar

DERRICK SOLOMON PRUITT,

Plaintiff-Appellant,

versus

JANICE BROWN, Washington County, MS Fourth Judicial District
Circuit Court Clerk, in her individual and official
capacities; ASHLEY HINES, Circuit Court Judge, Fourth
Judicial District, Washington County, MS; LEOLA JORDAN,
Former Washington County Circuit Court Clerk,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-CV-442
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derrick Solomon Pruitt, Jr., Mississippi prisoner # 46846,
has filed a motion for leave to proceed in forma pauperis (IFP)
on appeal. The district court denied Pruitt's IFP motion and
certified that the appeal was not taken in good faith. By
moving for IFP, Pruitt is challenging the district court's
certification. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.
1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pruitt alleged that Janice C. Brown, the Circuit Court Clerk for Washington County, Mississippi, denied his request for documents related to his criminal conviction. Pruitt alleged that Brown did not deliver the documents based on instructions from Circuit Judge Ashley Hines. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). This immunity can be overcome only by demonstrating that the conduct complained of was non-judicial or by showing that the conduct was "in the complete absence of all jurisdiction." Id. Judicial acts are those that are "'normally performed by a judge'" and that affect parties who "'dealt with the judge in his judicial capacity.'" Id. at 285. Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001).

On appeal, Pruitt's arguments are based solely on the irrelevant issue of qualified immunity for Brown. Pruitt makes the conclusional assertion that Brown's refusal was a ministerial act not covered by qualified immunity. Pruitt does not refute his allegation that Brown was acting on the instructions of Judge Hines. Pruitt has not presented a nonfrivolous issue on appeal.

Pruitt has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant

appeal is without arguable merit and is thus frivolous.

Accordingly, Pruitt's request for IFP status is denied, and his

appeal is dismissed.  See Howard v. King, 707 F.2d 215, 219-220

(5th Cir. 1983); 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.