# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-50548
Summary Calendar

RAY E DUNN,

Plaintiff - Appellant,

v.

Honorable BRENDA KENNEDY, Judge of the 403rd State District Court,
Austin, Travis County, Texas; Debra Hale, Director of Court Administration,
Austin, Travis County, Texas,

Defendants - Appellants.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-647

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Ray E. Dunn, an attorney in Austin, Texas, filed this suit against Defendants Judge Brenda Kennedy and Director of Court Administration Debra Hale alleging that Defendants' actions in removing him from the court appointment list violated his constitutional right to due process. Dunn further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserted state law claims for defamation, breach of contract, intentional infliction of emotional distress, tortious interference with prospective relations, and wrongful removal from court appointment list. Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting judicial immunity from suit. The district court granted the motion, concluding that the actions of both Judge Kennedy and Hale were taken in executing a judicial function, and that therefore, Defendants were entitled to absolute judicial immunity from all claims asserted by Dunn. Dunn appealed.

Dismissal pursuant to Rule 12(b)(6) is appropriate only when "it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 529 (5th Cir. 1996). We review the district court's action de novo, accepting as true all well-pleaded facts in Dunn's complaint. Id.

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). This immunity can be overcome only by demonstrating that the conduct complained of was non-judicial or by showing that the conduct was "in the complete absence of all jurisdiction." Id.

On appeal, Dunn argues that the disputed acts were not judicial in nature because the actions were taken in an administrative capacity, rather than in Judge Kennedy's judicial capacity. This argument is without merit. This Court utilizes the following four factor test to determine whether a judge acted within the scope of her judicial capacity: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005). Here, each of the four factors weighs in

favor of a finding of judicial immunity. First, the governing Texas statute "authorize[s] only the judges," or the judges' designee, to appoint counsel for indigent defendants in the county and to adopt and publish written procedures for the timely and fair appointment of counsel. TEX. CODE CRIM. PROC. ART. 26.04 (Vernon 2006). Further, the appointment of counsel to represent indigent defendants is a function normally performed by a judge acting in his judicial capacity. See Roth v. King, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (holding that judges acted in judicial, not administrative, capacity in creating a family court attorney panel system and selecting attorneys for inclusion on panel); Hawkins v. Walvoord, 25 S.W. 3d 882, 891 (Tex. App. 2000) (holding that actions taken by judges in implementing state's indigent defense system are judicial acts within their jurisdiction). Second, Dunn has not alleged that the decision made by Defendants was made anywhere other than in the Travis County courthouse building, which is certainly a space adjunct to a judge's chambers. Third, the decision to remove Dunn centered around a case pending in court inasmuch as Dunn's removal was based on his conduct stemming from his representation of indigent defendants before the court. Finally, the acts arose from a visit to the judge in her official capacity, as Dunn's practice before the court and submission of payment vouchers were all directed toward the judge in her official capacity. Because all four factors weigh in favor of a finding of judicial immunity, the district court correctly concluded that Judge Kennedy's actions were grounded in judicial acts and that she is entitled to judicial immunity. Ballard, 413 F.3d at 515-518.

This case is distinguishable from Forrester v. White, 484 U.S. 219 (1988), which held that judges are not absolutely immune for employment decisions involving the hiring and firing of court personnel. First, Dunn is not an employee of the Court. The payment of a private attorney to represent criminal defendants by court appointment is not tantamount to employment by the

judicial system. Second, in this case, the judicial function at issue is the appointment of outside counsel to represent clients before the court, not the hiring or firing of court personnel. See Roth, 449 F.3d 1272, 1287.

Hale is also entitled to judicial immunity. Judicial immunity also extends to other court personnel to the extent that they were acting at the judge's direction. Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001) (holding that court clerks are entitled to absolute immunity for acts they are specifically required to do under court order or at a judge's discretion). Here, allegations against Hale are that she removed Dunn from the court appointment list at the direction of Judge Kennedy. Therefore, because Hale acted at the direction of Judge Kennedy, she is entitled to immunity as well. Id.

Dunn has shown no error in the judgment of the district court. Consequently, that judgment is AFFIRMED.