# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2010

Charles R. Fulbruge III
Clerk

No. 09-10272
Summary Calendar

RAY N. JACKSON,

Plaintiff-Appellant

v.

Dr. JAMES ROACH, Secretary, Department of the Air Force,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 7:02-CV-111

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Appellant Ray Jackson appeals a dismissal and summary judgment rejecting his discrimination claims against his employer, the United States Air Force. Jackson was removed from his position as an electronics mechanic by the Air Force. Jackson appealed his removal through administrative procedures and alleged that the Air Force discriminated against him on the basis of race,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reprisal, and for being a whistle-blower. The Merits Systems Protection Board reversed his removal and ordered reinstatement, but found no discrimination on the grounds alleged by Jackson. Jackson then filed two suits in the United States district court, one for the enforcement of his job reinstatement and another on discrimination claims.

The two suits were consolidated and the district court heard two separate motions to dismiss. The Air Force moved to dismiss the enforcement claims for lack of subject matter jurisdiction. The Air Force filed a motion to dismiss, or in the alternative, motion for summary judgement ("Defendant's Motion") as to the discrimination claims. The district court issued an order dismissing the enforcement claims for lack of subject matter jurisdiction and granted summary judgement as to all but two of Jackson's discrimination claims. The order stated that these rulings had been made "for reasons that will follow by separate Memorandum Opinion." However, before a memorandum opinion was issued, the case was reassigned to a second judge. The second judge reconsidered all aspects of the defendant's motions, vacated portions of the previous judge's order, and granted the Defendant's Motion in its entirety.

Jackson now appeals the final order, alleging 1) the district court erred in granting the Defendant's Motion "sua sponte" and contrary to the previous judge's order and 2) the newly assigned judge should have recused himself from the case because he had once been an employee of the U.S. Attorney's Office that is currently handling this case. We affirm

Fed. R. Civ. 54(b) states: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The order by the first judge was not a final judgment and thus, could be revised by the second judge. In addition, the denial of a motion for summary judgment is an

2

interlocutory order, which the trial court may reconsider and reverse for any reason it deems sufficient, even in the absence of new evidence  or an intervening change in or clarification of the substantive law. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). It was within the newly assigned judge's power to consider the Defendant's Motion *sua sponte* and vacate the first judge's order. The court did not abuse its discretion. *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted)("The revisitation by the court of [an] earlier order . . . was not error because . . . a court may correct its own errors. The fact that [the judge] was not correcting his own error, but that of another judge who initially had been in charge of the case, is no moment."). Because Jackson had raised no contention concerning the merits of the judgment, any such argument is waived.

Jackson's recusal claim is raised for the first time on appeal. Appellant argues that because of the "new trial judge's virtually immediate and preemptory ruling dismissing the case," he had "no warning" that such a motion to recuse was called for. Appellant argues that the judge demonstrated a "clear appearance of impropriety" because the judge "summarily dismissed the case" and is a former employee of the U.S. Attorney's Office that handled Jackson's case. Jackson had ample time to raise the recusal issue to the district court. His case was assigned to the new judge over a month before the judge entered a final order. In addition, Jackson filed a motion seeking reconsideration of the district court's final order as well as an amended motion. These motions were not denied until seven months later. Jackson failed to seek recusal at any point during this time. On appeal, he offers no explanation for his failure to seek recusal earlier, and he has not alleged exceptional circumstances why this court should consider the recusal issue for the first time on appeal. *See Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001). For the foregoing reasons, the district court's judgment is **AFFIRMED**.