# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2010

Lyle W. Cayce
Clerk

No. 10-10041
Summary Calendar

RICHARD B. TOBIAS,

Plaintiff-Appellant

v.

KEN PRICE, Courtroom Security Officer,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1361

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Richard B. Tobias, a sanctioned litigant, moves for leave to continue his appeal and to proceed in forma pauperis (IFP) in his appeal from the district court's grant of summary judgment in favor of defendant Ken Price and the dismissal of Tobias's complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court found that Price, a Court Security Officer for Judge Buchmeyer, was entitled to absolute judicial immunity and qualified immunity from Tobias's claim that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Price wrongfully removed Tobias from the courtroom during a contempt hearing for another individual who was a litigant with Tobias in an unrelated case. The district court also dismissed the instant complaint as to two other defendants. However, Tobias has failed to brief any error arising from the dismissal of these defendants. Because he fails to identify any error in the district court's dismissal of the complaint in this regard, any argument is abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Tobias argues that Price is not entitled to absolute immunity because he did not present a written order from Judge Buchmeyer authorizing Price to remove Tobias from the courtroom. There is no legal authority for this proposition. Tobias fails to present an argument which would show that Price's actions fall within the exceptions to absolute judicial immunity. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).

The remainder of Tobias's arguments are conclusory assertions that Judge Buchmeyer and Price had no authority to harass and abuse him as a litigant. Tobias fails to state a violation of a clearly established constitutional right or show that Price acted unreasonably in removing him from the courtroom. *See Illinois v. Allen*, 397 U.S. 337, 343-44 (1970).

Tobias's motion and appeal are frivolous and without arguable merit. *See Howard v. King*, 707 F.2d 215, 219-20. Accordingly, his motions to continue his appeal and to proceed IFP are DENIED.

This court previously sanctioned Tobias for filing frivolous appeals and warned him that the filing of repetitious or frivolous actions would invite the imposition of additional sanctions. *See Groden v. Allen*, 236 F. App'x 884 (5th Cir. 2007). Accordingly, we order Tobias to pay $500 in sanctions to the Clerk of this court.

Tobias is BARRED from filing in this court or in any court subject to this court's jurisdiction any appeal, motion, and/or pleading in connection with this

case until the total amount of the sanction imposed is paid in full. Tobias is further BARRED from filing any pro se, in forma pauperis, civil appeal in this court, or any pro se, in forma pauperis, except for complaints that Tobias is under imminent danger of serious physical injury, initial civil pleading in any court subject to this court's jurisdiction until the total amount of the sanction imposed is paid in full. Any submissions that do not show proof that the sanction has been paid will be neither addressed nor acknowledged. Upon proof that the sanction has been paid, Tobias is required to seek advance written permission of a judge of the forum court before filing any pro se, in forma pauperis, civil appeal, or any pro se, in forma pauperis, initial civil pleading. The Clerk of this court and the Clerks of all federal district courts in this Circuit are directed to return to Tobias, unfiled, any attempted submission inconsistent with this bar. Tobias is cautioned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.