# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2023

Lyle W. Cayce
Clerk

———————

No. 23-50361

———————

Omar Jose Calzada,

*Plaintiff—Appellant*,

*versus*

Patton Zarate, *Individually and official capacity as Pro-Tem Bexar County Prosecutor*; Mitchell Yager, *Individually and official capacity as Bexar County Public Defender*; Mary Angie Garcia, *Individually and official capacity as Bexar County District Clerk*; Angelina Martindelcampo, *Individually and official capacity as Bexar County Criminal Magistrate Court Coordinator*; Lucy Adame-Clark, *Individually and official capacity as Bexar County Clerk*; Brandon Roberts, *Individually and official capacity as Chief Deputy of Guadalupe County Constables*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-1308

———————————————————————

Before Richman, *Chief Judge*, Stewart, *Circuit Judge*, and Hanks, *District Judge*.[*]

———————————————

[*] United States District Judge for the Southern District of Texas, sitting by designation.

No. 23-50361

Per Curiam:[**]

Pro se Appellant Omar Jose Calzada appeals the district court's dismissal of his § 1983 claims that the Bexar County court clerks, constable, prosecutor, and public defender violated his Fourth, Sixth, and Fourteenth Amendment rights during his misdemeanor harassment case filed in Bexar County Criminal Court. Finding no error, we AFFIRM.

## I.

Calzada pleaded guilty to conspiracy to manufacture over 100 marijuana plants on August 21, 2014. The district court sentenced him to time served and placed him on a four-year term of supervised release. In June 2021, he filed a writ of *coram nobis*, arguing that his conviction was invalid due to the admission of a procedurally invalid search warrant and affidavit in his case. Calzada asserted that a Bexar County clerk fabricated certain documents and denied him due process and a fair trial. The district court denied his *coram nobis* petition on the grounds that he failed to show coherent reasons to justify his delay in seeking relief and because the search warrant and affidavit were properly authenticated.

In the process of investigating the facts underlying his writ, Calzada allegedly harassed a county attorney responsible for processing open records requests. Consequently, in September 2020, a Bexar County prosecutor filed a criminal complaint for misdemeanor harassment against Calzada for threatening a county clerk employee. In early 2021, Calzada's appointed counsel filed a motion for a competency evaluation. Around the same time, the county court judge presiding over Calzada's case recused herself, and a state administrative judge assigned a senior state district court judge to preside over all matters in Calzada's case. A county magistrate judge issued

---

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

an order for a competency evaluation on February 23, 2021. Calzada refused to comply with the order. The magistrate judge then ordered the county court clerk to issue a capias warrant for Calzada's arrest for his noncompliance. A deputy county constable then arrested Calzada.

In December 2022, Calzada filed the instant § 1983 action and named several state criminal court clerks, the county constable, the public defender, and prosecutor. Calzada asserted in his complaint that the county court clerks violated his due process rights by delaying his case and committing fraud to prevent him from receiving a speedy trial. He also argued that some of the clerks also violated his Fourth Amendment rights by issuing an invalid capias warrant at the instruction of a judge lacking jurisdiction over his case. He further contended that his public defender violated his right to effective counsel and that all defendants conspired against him and engaged in malicious prosecution.

In January 2023, all defendants moved to dismiss Calzada's claims. On April 13, 2023, the district court dismissed all of Calzada's claims on the grounds that the defendants either played no role in the alleged injurious action, took no unlawful actions, were not state actors, or because they properly acted within the bounds of quasi-judicial immunity as court employees undertaking an official act by order of a judge.

## II.

On appeal, Calzada argues that the federal district court abused its discretion in denying his motions for recusal. He further argues that the district court's dismissal of his claims against the state court employees and the county prosecutor was legally incorrect and based on falsified facts. His remaining assignments of error stem from the federal district court's denial of his multiple motions for reconsideration, to alter the judgment, and alleging fabrication of the facts in its dismissal order.

No. 23-50361

Calzada's arguments are unavailing. The district court appropriately determined that Calzada failed to state a claim for which relief could be granted as to any of the defendants in this case. First, the claims against his public defender were appropriately dismissed because appointed counsel is not a state actor for purposes of § 1983 liability. *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[E]ven court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). Second, the district court correctly dismissed Calzada's claims against the county court employees because the capias warrant was lawfully issued[1] and "court clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (internal quotation marks omitted). Third, Calzada's claim against the constable was properly dismissed because the constable acted pursuant to a lawfully issued capias warrant. Fourth, state court prosecutors are shielded by absolute immunity while "initiating a prosecution and in presenting the State's case" if the conduct is "associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991). Lastly, the record supports the district court's dismissal of Calzada's conspiracy claim because he "suffered no violation of his Constitutional rights."

The district court's dismissal of Calzada's claims is AFFIRMED. All pending motions are DENIED.

---

[1] The Texas Code of Criminal Procedure allows county court clerks to issue capias warrants. Tex. Code Crim. Proc. arts. 23.031, 23.04.