# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2026

Lyle W. Cayce
Clerk

No. 25-40197

Christopher Shaw,

*Plaintiff—Appellant*,

*versus*

James Thomas Gillen, *in his individual capacity*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-283

_____

Before Richman, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Christopher Shaw was arrested for public intoxication by officer James Gillen. In response to Shaw's aggressive resistance, Gillen used force to subdue him. Shaw sustained serious injuries in the course of the struggle. He later pled guilty to assaulting a peace officer—Gillen—under Texas law. Subsequently, Shaw brought a § 1983 excessive force claim against Gillen. The district court granted Gillen's motion for summary judgment. The court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40197

held that Shaw's claim implied the invalidity of his criminal conviction for assault, so it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We affirm.

## I.

Christopher Shaw was detained for public intoxication by Beaumont, Texas police officer James Gillen.[1]  During their interaction, Shaw was taken to a hospital due to his obvious signs of intoxication, and then taken to a local jail.  Outside the jail, Shaw—while handcuffed—"slightly turned his body" which led to Gillen's "attempting to slam Shaw" onto a concrete platform.  After moving inside, Shaw concedes he "became irritated" and "refused to comply" with commands from Gillen and other officers.  While Shaw was still handcuffed, Gillen allegedly choked Shaw.  Shaw "raised his leg" in response, but, Shaw maintains, "at no time did [he] attempt to strike or assault Defendant Gillen or any [police] officers."  However, video evidence from several angles inside the facility belies that narrative; it depicts Shaw aggressively resisting throughout the interaction.  Regardless, Shaw alleges that Gillen then "body slammed" Shaw, causing Shaw to land on his head and neck with the full weight of Gillen landing on top of him.  Shaw was sent to a hospital for severe injuries.  According to the operative complaint, Shaw suffered spinal fractures and is currently unable to stand or walk.

Based on this encounter, Shaw pled guilty to assaulting of a peace officer under Texas Penal Code § 22.01.[2]  To be convicted under that statute, the state must prove that, *inter alia*, the defendant assaulted a peace officer

---

[1] Although this appeal concerns a summary judgment ruling, we derive most of the facts from Shaw's second amended complaint.  The panel may affirm summary judgment on excessive force claims "solely on the basis" of a plaintiff's allegations when the allegations "necessarily challenge the validity of [a] conviction."  *Daigre v. City of Waveland*, 549 F. App'x 283, 286 (5th Cir. 2013).

[2] Shaw also pled guilty to public intoxication, but that is irrelevant in this appeal.

while the officer was "lawfully discharging an official duty." TEX. PENAL CODE § 22.01(b-2).

Later, Shaw filed a 42 U.S.C. § 1983 suit against Gillen, alleging excessive force.[3] The district court granted Gillen's motion for summary judgment. The court concluded that Shaw's excessive force suit would necessarily imply the invalidity of his conviction for assaulting Gillen, so it was barred by *Heck v. Humphrey*. That is because by pleading guilty to assaulting Gillen, Shaw admitted to the lawfulness of Gillen's conduct, which necessarily included that Gillen had not used excessive force. The district court further concluded that the factual basis for Shaw's excessive force claim was inseparable from the factual basis for his conviction. Shaw appealed.

## II.

We review a grant of summary judgment *de novo*. *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 682 (5th Cir. 2020). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is warranted if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.

A plaintiff cannot sustain a § 1983 action for damages if a favorable outcome would "necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Therefore, the "threshold question for a *Heck*-type analysis

---

[3] Shaw's complaint alleged other claims against other defendants, but none of those remain at issue in the case. Shaw's excessive force claim against Gillen is the sole claim on appeal.

is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). More specific to this case, it must be that "[n]ot a single element" required for the conviction "would be undermined" if the plaintiff "were to prevail in his excessive force claim." *Ballard v. Burton*, 444 F.3d 391, 399 (5th Cir. 2006).

Shaw's claim fails to hurdle that bar. By pleading guilty to assaulting Gillen, Shaw admitted that Gillen was "lawfully discharging an official duty" as required by the Texas statute. *See* Tex. Penal Code § 22.01(b-2); *see also* Tex. Penal Code § 9.31(a) (addressing when a person is justified in using force against another). And if Gillen was acting lawfully, then he did not use excessive force against Shaw. *See Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999); *see also Hall v. State*, 158 S.W.3d 470, 473–75 (Tex. Ct. Crim. App. 2005). Shaw's excessive force claim would necessarily imply otherwise, so *Heck* bars his claim.

Recognizing this obstacle, Shaw argues that his claim clears the *Heck* bar for another reason: The facts supporting his assault conviction are distinct from the facts supporting his excessive force claim. True enough, our precedent allows a plaintiff's excessive force claim to move forward despite a conviction "if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008). It must be the case, however, that "the conviction and alleged excessive force" did not "both stem from a single violent encounter." *Sampy v. Rabb*, 144 F.4th 796, 799 (5th Cir. 2025) (citation omitted). In one such instance, this court allowed a plaintiff's excessive force claim to proceed because, although he pled guilty to assaulting an officer, he brought his excessive force claim against a different officer with whom the plaintiff interacted at a different time. *Ballard*, 444

F.3d at 399–401. But the same outcome does not follow in Shaw's case. His argument fails for two independent reasons.

First, Shaw's complaint alone defeats his argument. "Contrary to [his] arguments on appeal," the "complaint does not allege that his claims of excessive force are separable from his aggravated assault on the officer." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007). "Instead, the complaint maintains that [he] did nothing wrong." *Id.* If the facts alleged in Shaw's complaint are true, then he cannot be guilty of assaulting Gillen. *Aucoin v. Cupil*, 958 F.3d 379, 383 (5th Cir. 2020). But that narrative is refuted by his conviction. Shaw's complaint alleges that "at no time did [he] attempt to strike or assault Defendant Gillen," yet Shaw pled guilty to assaulting him. The complaint's allegations are necessarily inconsistent with Shaw's conviction, so the conviction bars his § 1983 claim. *Sampy*, 144 F.4th at 800.

Second, even apart from Shaw's complaint, video evidence contradicts Shaw's proffered narrative. As the district court correctly observed, the footage shows "one single encounter that lasted approximately fifty seconds in which Shaw never stopped resisting." The video evidence indicates that Shaw acted belligerently during the entirety of the short, continuous incident.

Shaw's injuries are tragic. But the facts supporting his excessive force claim are inseparable from—and inconsistent with—the facts supporting his criminal conviction. As a result, *Heck* bars his § 1983 claim, and the judgment of the district court is

AFFIRMED.