## UNITED STATES of America, Plaintiff–Appellee,

v.

## Donald Ray SANFORD, also known as Donald Ray Stanford, Defendant–Appellant.

No. 97–11267.

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1998.

---

Delonia Anita Watson, Dallas, TX, Joe C. Lockhart, Marc W. Barta, Fort Worth, TX, for Plaintiff–Appellee.

Timothy William Crooks, Fort Worth, TX, for Defendant–Appellant.

Before REYNALDO G. GARZA, JONES and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Donald Ray Sanford pleaded guilty to possession of cocaine and cocaine base with intent to distribute. On appeal Sanford argues for the first time that the district court judge should have recused himself from sentencing, pursuant to 28 U.S.C. § 455(a), because Sanford's defense attorney had previously testified against the judge in a Fifth Circuit Judicial Council proceeding. We hold that Sanford's recusal argument is untimely and affirm his sentence.[1]

## I.

On August 11, 1997, Sanford pleaded guilty to one count of possession of cocaine and cocaine base with intent to distribute. Later that month, Sanford's public defender testified in Judicial Council proceedings about the district court judge. On November 7, 1997, the district court sentenced Sanford to a 200 month term of imprisonment, to be served consecutively with an Oklahoma sentence Sanford was already serving. The sentence was at the lower end of the Guidelines range of 188 to 235 months and Sanford acknowledges that the decision to run the sentences consecutively was within the district court's discretion under U.S.S.G. § 5G1.3(c).

At no time did Sanford move for the district court's recusal. He now asks for his sentence to be vacated and for this case to be remanded for resentencing before a different judge.

## II.

Sanford argues that the district court should have recused himself under 28 U.S.C. § 455(a), which reads: "Any ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

This court has repeatedly observed that it "has not 'yet clearly defined the scope of our review of § 455 issues raised for the first time on appeal.'" See Hollywood Fantasy Corp. v. Gabor, 151 F.3d 203, 216 (5th Cir. 1998) (quoting Mangum v. Hargett, 67 F.3d 80, 82 (5th Cir.1995) (quoting McKethan v. Texas Farm Bureau, 996 F.2d 734, 744 n. 31 (5th Cir.1993))). Although we have inferred a timeliness requirement from § 455, we have declined to adopt a per se rule on untimeliness. See Gabor, 151 F.3d at 216. Notwithstanding that reticence, a host of cases demonstrate that Sanford's challenge is untimely.

█ The general rule on timeliness requires that "one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1410 (5th Cir.1994). The most egregious delay—the closest thing to per se untimeliness—occurs

---

[1]. Sanford also challenges his sentence in light of the indictment's failure to charge an aggravating drug quantity. Sanford admits that this challenge runs counter to current Fifth Circuit precedent. See United States v. Watch, 7 F.3d 422, 426 (5th Cir.1993) ("It is well established in this circuit that quantity is not an element of the offenses proscribed by [21 U.S.C.] § 841(a) and is relevant only at sentencing under § 841(b)."). Yet he wishes to preserve his objection in the hope that an impending Supreme Court case will alter the law. Until that happens, this challenge is unavailing. See Narvaiz v. Johnson, 134 F.3d 688, 694 (5th Cir.1998).

when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal.

We have rejected recusal challenges on appeal when the challenger waited to see if he liked an outcome before springing the recusal issue. *See United States v. York*, 888 F.2d 1050, 1056 (5th Cir.1989); *Delesdernier*, 666 F.2d at 122–23. We have rejected other challenges on appeal as simply too late under the facts to be timely.[2] *See Gabor*, 151 F.3d at 216; *Stephenson v. Paine Webber Jackson & Curtis, Inc.*, 839 F.2d 1095, 1096 n. 3 (5th Cir.1988).

■ Sanford's challenge suffers from both maladies; he not only waited, but also raises the issue for the first time on appeal. Sanford's attorney had testified against the district court judge in late August. Yet, he made no motion before the district court for a recusal in the two months before sentencing, or at the November sentencing itself. It is untimely to object now. *See United States v. Rogers*, 119 F.3d 1377, 1382 (9th Cir.1997) (defendant "cannot be permitted to sit back and take his chances at resentencing ... only to return several months later with his disqualification claims in the hope of obtaining a more favorable sentencing disposition before a different judge"); *United States v. Brinkworth*, 68 F.3d 633, 640 (2d Cir.1995) (defendant's "§ 455(a) motion, conveniently filed soon after the district court refused to make a pre-plea commitment to sentencing, was untimely"); *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir.1990) (it was "manifestly too late" when defendant "chose to wait to seek ... recusal until after he learned what sentence the judge imposed").

Sanford argues that we should apply a plain error standard of review to a recusal argument not raised in the district court. Indeed, we did that "for the sake of argument" in *United States v. Gray*, 105 F.3d 956, 968 (5th Cir.1997). Yet, we implicitly rejected the plain error approach in the earlier case of *York*. *See* 888 F.2d at 1056 ("even if we were to review for plain error, it seems

unlikely that we would find it"). We see no reason to find a plain error under these facts.

### III.

Because Sanford knew of the facts purportedly causing an appearance of impropriety, but waited until after sentencing (and until appeal) to raise the recusal issue, his objection is untimely. Sanford's sentence is AFFIRMED.

AFFIRMED.

---

2. These rejections sometimes invoke "waiver," even though the judicially implied timeliness requirement is distinct from waiver, which has a statutory foundation in § 455(e). *See York*, 888 F.2d at 1055 (discussing the differences between waiver and timeliness).