IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50786
Summary Calendar

_____

JOSE MELENDREZ, JR.,

Plaintiff-Appellant,

versus

FRANCIS E. SEIB, Drug Enforcement Administration, head DEA Agent
in charge of Eagle Pass, Texas, in his official capacity; MOSES
PENA, Drug Enforcement Administration, DEA Agent in Eagle Pass,
Texas, in his official capacity; LARRY LEON, Drug Enforcement
Administration, former DEA Agent in Eagle Pass, Texas, not in San
Antonio, Texas, in his official capacity; TONY QUINTANILLA,
Former County Investigator of Zapata County, now a U.S. Border
Patrol Agent in Fort Hancock, Texas, in his official capacity;
ARNOLDO RAMOS, Sergeant/Investigative Department of Public Safety
in Del Rio, Texas, in his official capacity; UNITED STATES OF
AMERICA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CV-1
--------------------
February 20, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Melendrez, Jr., federal prisoner # 06688-059, appeals

the dismissal of his claims brought against state and federal

law-enforcement defendants under the Federal Tort Claims Act

("FTCA"), 42 U.S.C. § 1983, and Bivens v. Six Unknown Named

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

<u>Agents</u>, 403 U.S. 388 (1971). Melendrez pleaded guilty to a drug-trafficking conspiracy charge and was sentenced to prison in 1996. He now seeks damages under the FTCA on grounds that the defendants committed torts of abuse of process and negligent misrepresentation by recommending his prosecution on the conspiracy charges while he was a confidential informant.

The district court correctly substituted the United States for the individual federal defendants with respect to FTCA claims. 28 U.S.C. § 2679(d); <u>Rodriguez v. Sarabyn</u>, 129 F.3d 760, 764 (5th Cir. 1997). The district court also correctly dismissed the FTCA claims as time barred. Melendrez failed to show that he had provided the defendants with adequate notice of his claim within two years of its accrual as required by the FTCA. 28 U.S.C. § 2401(b); <u>Montoya v. United States</u>, 841 F.2d 102, 104 (5th Cir. 1988). Melendrez also failed to show any trickery or inducement by the defendants that caused him to delay filing his FTCA claim, and he therefore is not entitled to equitable tolling of the limitation period. <u>See</u> <u>Perez v. United States</u>, 167 F.3d 913, 914 (5th Cir. 1999).

The district court correctly determined that Melendrez's § 1983 claims were barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Melendrez's damages all arise from his alleged wrongful prosecution and imprisonment, so that his present action necessarily implies that his conviction is invalid. <u>Wells v. Bonner</u>, 45 F.3d 90, 94 (5th Cir. 1995). Accordingly, Melendrez was required to show that his conviction had been set aside or overturned in order for his civil rights action to accrue.

Wells, 45 F.3d at 94.  The district court also correctly applied Heck to any Bivens claims that might remain against the federal defendants.  Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994). The Bivens and § 1983 claims were correctly dismissed.  Their dismissal is "with prejudice to their being asserted again until the Heck conditions are met."  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

We decline to consider Melendrez's arguments that the district judge should have recused himself, because Melendrez did not properly seek recusal in the district court.  See United States v. Sanford, 157 F.3d 987, 988-89 (5th Cir. 1998).  The district court's judgment is AFFIRMED.

Melendrez has also filed a motion to supplement the record. However, the items he offers in supplementation are already in the record.  His motion to supplement is DENIED.

In his brief, appellee Tony Quintanilla has asked for an award of costs for a frivolous appeal.  Because he did not file a separate motion as required by Fed. R. App. P. 38, we refuse to consider the request.

DISMISSAL AFFIRMED; MOTION DENIED