IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20817
Conference Calendar
_____

JAMES MOSLEY,

                                          Plaintiff-Appellant,

versus

KATTY ANTOINE,

                                          Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1416
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

     James Mosley, Texas prisoner #1023626, appeals the dismissal

of his 42 U.S.C. § 1983 complaint for failure to state a claim

pursuant to 28 U.S.C. § 1915A.  In his complaint, he alleged that

Katty Antoine used racial slurs and epithets, in violation of his

right to be free from cruel and unusual punishment.

     We decline to consider Mosley's untimely argument that the

district court judge should have recused himself.  See Clay

v. Allen, 242 F.3d 679, 681 (5th Cir. 2001); United States

v. Sanford, 157 F.3d 987, 988-89 (5th Cir. 1998).

_____

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Mosley's claim that the district court erred in failing to give him notice of the court's intention to dismiss his complaint and erred in failing to give him an opportunity to amend his complaint is also without merit. Mosley has not alleged an arguable constitutional claim nor has he asserted any further facts that would have sustained an arguable claim. See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1994).

Finally, Mosley's allegations of racial slurs and derogatory epithets do not state a cognizable civil rights claim. Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Mosley has alleged only a de minimis physical injury, which is not sufficient to sustain an Eighth Amendment claim under 42 U.S.C. § 1997e(e). Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Because Mosley's appeal is without arguable merit and is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal and the district court's dismissal of Mosley's complaint both count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Mosley is CAUTIONED that if he accumulates another "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.