United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20213
Summary Calendar

WOLFGANG HIRCZY, Ph.D.,

Plaintiff – Appellant,

v.

DONA G. HAMILTON,

Defendant – Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 05-cv-184

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Consolidated with
No. 05-20348
Summary Calendar

FACULTY RIGHTS COALITION; WOLFGANG P. H. DE MINO,

Plaintiffs – Appellants,

v.

GEORGE C. HANKS; JANE NENNINGER BLAND; UNNAMED ADJUNCT
PROFESSORS OF LAW,

Defendants – Appellees.

Appeals from the United States District Court
for the Southern District of Texas
04-cv-4494

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants challenge the district court's dismissal of their two cases, issuance of a permanent injunction, and denial of a recusal motion. For the reasons that follow, the district court's rulings were not in error.

## I. BACKGROUND

Plaintiff-Appellant Wolfgang P. Hirczy de Mino is a former employee of the University of Houston who runs Plaintiff-Appellant Faculty Rights Coalition, an organization apparently consisting solely of Hirczy de Mino.[1] In two separate cases, he sued Dona Hamilton, the general counsel for the University, Justices George Hanks and Jane Bland[2] of the First Court of Appeals in Houston, and unnamed adjunct professors of law. His suits were transferred to one district court judge and have been consolidated for this appeal. Hirczy de Mino sought to stop (1) judges, who are compensated by the University, from adjudicating cases in which the University is a party and (2) the University from compensating judges who hear cases in which the University is a party. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Because Hirczy de Mino and his organization are essentially one and the same, we refer to both Appellants only by his name.

[2] Justice Bland has been nonsuited.

2

brought an open records claim against Hamilton.

The district court dismissed Hirczy de Mino's suits pursuant to Federal Rule of Civil Procedure 12(b)(6) and issued a permanent injunction against Hirczy de Mino, stating that he may not file suit in the Southern District of Texas without written permission of the judge. Subsequently, Hirczy de Mino filed a motion to transfer, motion to vacate the permanent injunction, motion to recuse the district court judge, and motion for reconsideration. All of the motions were denied, with the recusal motion denied as moot. In his appeal, Hirczy de Mino challenges the dismissal, issuance of the permanent injunction, and denial of the motion to recuse.

## II. **DISCUSSION**

A.  Dismissal of Hirczy de Mino's Cases

We review *de novo* a dismissal for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). *GE Capital v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005). Hirczy de Mino lacked standing to pursue his abstract claims against Hamilton and Hanks. The Supreme Court has identified three constitutional standing requirements: (1) the plaintiff must allege that she has suffered or imminently will suffer an injury; (2) the plaintiff must allege that the injury is fairly traceable to a the defendant's conduct; and (3) the

3

plaintiff must allege that a favorable federal court decision is likely to redress the injury. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). Here, Hirczy de Mino's standing fails on the first requirement. He has alleged no direct injury at the hands of Hamilton or Hanks. *See Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) ("The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.") (internal quotation marks omitted).

Furthermore, Hirczy de Mino's open records claim brought against Hamilton for University of Houston records fails. Without reaching the merits, we reject the open records claim because Hamilton is not the proper party. To bring a suit to produce information under the Texas Government Code, a plaintiff must sue the governmental body withholding the information. TEX. GOV'T CODE § 552.3215. Hirczy de Mino instead has brought suit against an individual. Therefore, his open records claim is invalid. Having conducted a *de novo* review, the district court's dismissal is affirmed.

B.   Permanent Injunction Issued Against Hirczy de Mino

We review a district court's grant or denial of a permanent injunction for abuse of discretion. *Peaches Entm't Corp. v. Entm't Repertoire Assoc.*, 62 F.3d 690, 693 (5th Cir. 1995). The trial

4

court abuses its discretion if it: (1) relies on clearly erroneous factual findings when deciding to grant or deny the permanent injunction, (2) relies on erroneous conclusions of law when deciding to grant or deny the permanent injunction, or (3) misapplies the factual or legal conclusions when fashioning its injunctive relief. *Id.* The record demonstrates that the district court relied on Hirczy de Mino's litigious history of filing numerous cases, often without legal or factual support, in making its determination. Moreover, the district court discussed some of his previous suits in chambers and in court, giving Hirczy de Mino an opportunity to defend himself before the court entered the order.

Contrary to Hirczy de Mino's contention, a court may issue sanctions *sua sponte*. FED. R. CIV. P. 11. A court has the power to enter orders prohibiting future filings not only from various statutes and rules relating to sanctions but also from the inherent power of the court to protect its jurisdiction and judgments and control its docket. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). Furthermore, this permanent injunction was "limited to what is sufficient to deter repetition" of his misconduct. FED. R. CIV. P. 11. Therefore, we find that the district court did not abuse its discretion in ordering the permanent injunction.

C.   Motion to Recuse Was Untimely

5

We review a denial of a motion to recuse for abuse of discretion. *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). In the instant case, Hirczy de Mino failed to file his motion to recuse in a timely manner. The general rule on timeliness requires that "one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *Travelers Ins. v. Liljeberg Enters.*, 38 F.3d 1404, 1410 (5th Cir. 1994). In fact, the "most egregious delay" is when "a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal." *See United States v. Sanford*, 157 F.3d 987, 989 (5th Cir. 1998).

Here, Hirczy de Mino learned directly from the Judge's disclosure to the parties in open court of the district court's association with the University. Nevertheless, he waited over two months and until after the adverse decision to file his motion to recuse. He thus committed the worst type of delay by knowing facts that allegedly might lead to recusal but waiting until after he received an unfavorable ruling to file his motion to recuse. We have deemed this to be almost "*per se* untimeliness." *Id*. Because Hirczy de Mino's motion was untimely, a substantive review for abuse of discretion is unnecessary. The district court properly

6

denied the motion to recuse as moot because it was untimely.[3]

## III. <u>CONCLUSION</u>

Hirczy de Mino challenges the dismissal of his case, the issuance of a permanent injunction against him, and the denial of his motion to recuse. All three challenges fail. Accordingly, we AFFIRM the district court's rulings.

---

[3] This Court declines Hirczy de Mino's invitation to create a new bright-line rule regarding recusal because, *inter alia*, he does not offer any legal support for that theory.