**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20333
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ENRIQUE GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3957
USDC No. 4:00-CR-663-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In 2001, Carlos Enrique Gonzalez, federal prisoner # 75164-079, was convicted of kidnaping, aiding and abetting; hostage taking, aiding and abetting; and making threatening or harassing communications in interstate and foreign commerce, aiding and abetting. Following these convictions, Gonzalez was sentenced to a total of 262 months of imprisonment. In 2007, Gonzalez filed a FED. R. CIV. P. 60(b) motion seeking to reopen the 2004 judgment denying his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 2255 proceedings due to the bias and prejudice of the district court judge. He also filed a motion to recuse pursuant to 28 U.S.C. § 144. The district court denied both motions as untimely.

Gonzalez argues that his Rule 60(b) motion was not an unauthorized successive § 2255 motion and that it was timely filed since there is no time limit to file a Rule 60(b)(6) motion. He asserts that the district court abused its discretion in denying his Rule 60(b)(6) motion because his constitutional due process right to have his § 2255 claims considered by an impartial judge was violated. He requests a certificate of appealability (COA) from this court.

Because Gonzalez's Rule 60(b) motion sought to amend or alter the judgment in his first § 2255 proceeding, he must obtain a COA to proceed on appeal. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). To obtain a COA, Gonzalez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, when the district court's denial of relief is based solely on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Gonzalez has not met this standard. Accordingly, his request for a COA to appeal the denial of his Rule 60(b)(6) motion is denied. *See Slack*, 529 U.S. at 484.

This court has previously held that a COA was not required to appeal the denial of a motion to recuse. *See Trevino v. Johnson*, 168 F.3d 173, 176-78 (5th Cir. 1999). The denial of a motion to recuse under § 144 is reviewed for an abuse of discretion. *United States v. MMR Corp.*, 954 F.2d 1040, 1044 (5th Cir. 1992). Motions brought under § 144 and 28 U.S.C. § 455 are substantively similar and both require recusal only for "personal, extrajudicial bias." *Id*. at 1045-46.

Gonzalez has failed to show that the district court's denial of his motion to recuse as untimely, when the motion was based on incidents occurring at trial years before he filed his § 2255 motion, was an abuse of discretion. *See MMR Corp.*, 954 F.2d at 1044-45 & n.2. Rather than filing the motion to recuse at the time he filed his § 2255 motion, Gonzalez filed it years later, after the judge had made a decision adverse to him. That is "[t]he most egregious delay — the closest thing to *per se* untimeliness." *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998). Thus, the district court's order denying Gonzalez's motion to recuse is affirmed.

COA DENIED; JUDGMENT AFFIRMED.