# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51017
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANA JOHN ALEXANDER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-62-1

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Dana John Alexander, federal prisoner # 56715-180, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's sealed order partially granting a motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35. His IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997). Contrary to Alexander's assertions, because the district court certified that his appeal would not be in good faith, he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51017

required to obtain authorization to proceed IFP. *See* FED. R. APP. P. 24(a)(3); 28 U.S.C. § 1915(a)(1).

Alexander states that he intends to argue on appeal that the district court should have recused itself from ruling on the Rule 35 motion. Alexander did not move for recusal in the district court, even though the facts supporting his recusal argument—announced in December 2015 when the Fifth Circuit Judicial Council reprimanded the judge—were publically known while the case was pending in district court. His request for recusal on appeal is therefore untimely. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) ("[O]ne seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification."); *United States v. Sanford*, 157 F.3d 987, 988–89 (5th Cir. 1998) (same). We thus conclude that Alexander has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we deny his motion for leave to proceed IFP and dismiss the appeal as frivolous. *See Baugh,* 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED.