# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30600
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 22, 2018

Lyle W. Cayce
Clerk

JAMIE LABRANCHE,

Plaintiff - Appellant

v.

DEPARTMENT OF DEFENSE, Inspector General,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-cv-02280

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Jamie LaBranche filed suit against the Department of Defense, Office of Inspector General, alleging violations of the Inspector General Act of 1978, Title VII, and the Federal Tort Claims Act. The district court dismissed the suit based on a lack of subject matter jurisdiction. LaBranche did not timely appeal the dismissal. He then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and a motion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30600

to unseal a document related to another federal action. The district court denied both of his motions. LaBranche appeals these denials. We AFFIRM.

## I.

In June 2015, Jamie LaBranche brought a pro se lawsuit against the Department of Defense, Office of Inspector General ("DOD-OIG"), alleging violations of the Inspector General Act of 1978, Title VII, and the Federal Tort Claims Act. DOD-OIG filed a motion to dismiss, arguing that the court lacked subject matter jurisdiction over LaBranche's claims. While the motion to dismiss was pending, LaBranche sought leave to amend his complaint to add three federal defendants. A magistrate judge denied this motion to amend because the amendment would be futile. LaBranche did not appeal this decision. Subsequently, the district court dismissed his action without prejudice in February 2016. It stated three reasons for dismissal: (1) LaBranche was not a federal employee of DOD-OIG and thus had no ground for relief under the Inspector General Act; (2) he was not a regular employee of DOD-OIG and thus had no ground for relief under Title VII; and (3) he did not timely submit an administrative tort claim to DOD-OIG within two years of his alleged injury and thus cannot obtain relief under the Federal Tort Claims Act. LaBranche did not file a timely appeal of this judgment.

In October 2016, LaBranche filed a motion for relief from this judgment pursuant to Federal Rule of Civil Procedure 60(b) and a motion to unseal a document allegedly contained in the record of another federal lawsuit. The district court denied both of his motions. It determined that the Rule 60(b) motion did not contain information that rectified the lack of subject matter jurisdiction and that the document at issue in the motion to unseal had no effect on the court's jurisdiction. LaBranche did not file a notice of appeal of this ruling, but instead filed a petition for a writ of mandamus, which this court then construed as a notice of appeal.

2

No. 17-30600

## II.

### A.

We review the denial of a Rule 60(b) motion under an abuse of discretion standard. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). "Under this standard, the court's decision need only be reasonable." *Id.* (citing *Midland W. Corp. v. FDIC*, 911 F.2d 1141, 1145 (5th Cir. 1990)). In his brief, LaBranche argues for reversing the denial of leave to amend and the dismissal. As LaBranche did not previously appeal the denial of his motion to amend the complaint or the dismissal of his suit for lack of subject matter jurisdiction, the merits of those lower court decisions are not properly before us. *See In re Ta Chi Navigation (Pan.) Corp. S.A.*, 728 F.2d 699, 700 (5th Cir. 1984). "[T]he *denial* of a Rule 60(b) motion does not bring up the underlying judgment for review." *Id.* at 703 (collecting cases). We have "stressed that a Rule 60(b) appeal may not be used as a substitute for the ordinary process of appeal once the appeal period has passed." *Id.*

LaBranche's Rule 60(b) motion sought post-judgment relief under subsections (1), (2), and (3) of Rule 60(b). The district court did not abuse its discretion in denying his motion under any of these subsections. Rule 60(b)(1) allows a party to receive post-judgment relief in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). LaBranche did not provide any specific facts demonstrating any of these bases. Thus, his claim under Rule 60(b)(1) fails.

Rule 60(b)(2) allows a party to receive post-judgment relief if there exists "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). "To obtain Rule 60(b)(2) relief, a movant must demonstrate: '(1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir.

No. 17-30600

2009) (per curiam) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)). LaBranche did allege that there were some recent developments with information that related to his case, including the document at issue in the motion to unseal. However, the information provided in the motion is vague, and it is unclear how this information would have clearly produced a different outcome if it had been before the district court. *See id.* Further, LaBranche did not show that he was diligent in obtaining this information. Consequently, his claim under Rule 60(b)(2) fails.

Finally, Rule 60(b)(3) allows a party to receive post-judgment relief if there is "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641 (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995)). "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.* (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). LaBranche did not provide any specific facts satisfying any of these requirements. Thus, his claim under Rule 60(b)(3) fails.

## B.

LaBranche argues that the district court erred by denying his motion to unseal a document allegedly in the record of another federal action. We review a district court's ruling on a motion to unseal for an abuse of discretion. *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203 (5th Cir. 2015) (collecting cases). LaBranche does not explain how the information in the document would remedy the lack of subject matter jurisdiction in his case. Thus, the district court did not abuse its discretion in denying this motion.

No. 17-30600

## C.

LaBranche also appears to contend, for the first time on appeal, that this court should reverse or vacate the district court's decisions on his Rule 60(b) motion and motion to unseal because the magistrate judge who was assigned to the case after October 18, 2016, should have been recused. While we have previously treated a recusal motion raised for the first time on appeal as untimely, we do not have a per se rule that any recusal motion made after the district court's judgment is untimely. *See United States v. Sanford*, 157 F.3d 987, 989 (5th Cir. 1998). Here, even assuming arguendo that LaBranche's contention is timely and that we conclude that the magistrate judge should have been recused, LaBranche would not prevail.

In this circuit, even if we decide that a judge should have been recused, we apply a harmless error test in determining whether reversal or vacatur is mandatory. *See Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 485 (5th Cir. 2003). We consider "(1) the risk of injustice to the parties in this case; (2) the risk that denial of relief will create injustice in other cases; and (3) 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). The magistrate judge who was assigned after October 18, 2016, has not signed any orders or ruled on any motions in this case.[1] Thus, even assuming that recusal was warranted, the non-recusal did not create or heighten any of the aforementioned risks, and was therefore harmless.

## III.

For the foregoing reasons, the district court's denials of LaBranche's Rule 60(b) motion and motion to unseal are AFFIRMED.

---

[1] Previously, a different magistrate judge was assigned to this case and had ordered the denial of LaBranche's motion to amend the complaint to add defendants. The motions at issue on appeal were decided by the district judge.