# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20387
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2019

Lyle W. Cayce
Clerk

TINA DAVIS,

Plaintiff–Appellant

v.

TEXAS CHILDREN'S HOSPITAL,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-280

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Texas Children's Hospital fired its employee Tina Davis. Davis then sued the hospital for: (1) discrimination and harassment under 42 U.S.C. § 1981; (2) retaliation under § 1981; (3) discrimination and harassment under Title VII; and (4) retaliation under Title VII. Specifically, Davis says that her supervisor Ms. Conchita and a hospital employee named Omar created a pervasive hostile work environment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20387

One example Davis gives: Conchita was yelling at her, and so Davis walked away. At which point, Conchita supposedly grabbed her from behind. Next, Davis claims that Omar screamed at her that he "would do what he wants." And Davis also alleges that during this altercation, Omar was face to face with her, inches away, so that his spit hit her face. Davis claims that she then sought transfer, but in response, her supervisors fired her. So Davis filed an EEOC complaint. And next, she sued.

After her deposition, she filed a letter with the district court expressing her dissatisfaction. The hospital then moved for summary judgment. And the court granted summary judgment on several grounds.

First, the court held that Davis failed to exhaust her administrative remedies for her Title VII harassment claim because her EEOC complaint failed to "allege facts supporting a harassment claim." Second, the court found that Davis had failed to make a prima facie case for § 1981 harassment since she didn't offer evidence showing that "any alleged harassment was based on her race." The court also noted that in her deposition, Davis even conceded that the alleged harassment was not based on race. Third, the court reasoned that even if Davis could make out prima facie Title VII and § 1981 cases, she failed to show that the hospital's articulated reasons for firing her—threatening a coworker, misbehavior, and poor performance—were mere pretext. And fourth, on retaliation, the Court held that Davis failed to show that she was engaged in a protected activity for which she was fired.

Davis makes two arguments on appeal: (1) that the district court erred in granting summary judgment; and (2) that the district court made ethical violations, which she raises for the first time on appeal.

2

No. 18-20387

We review the district court's granting of summary judgment de novo.[1] Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when "there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." The court must consider the evidence in the light most favorable to the nonmovant.[2] But the nonmovant must present more than a mere scintilla of evidence or conclusory allegations.[3]

Yet on appeal, Davis recites only conclusory allegations of racial and sex discrimination. She cites no evidence supporting those allegations. Nor did she do so below—not in her complaint; not in her opposition to summary judgment. And the district court gave her ample opportunity to dispute a material fact: Davis failed to reply to the summary-judgment motion on time. And yet the court considered her response anyway, even though it was nearly two months late.

Considering that Davis failed to establish prima facie cases for Title VII and § 1981 harassment and discrimination, as well as for Title VII retaliation, the district court correctly dismissed her suit. Finally, Davis's argument that the district judge should've recused himself isn't properly before this court. As this Court explained in *Andrade*, which we decided in 2003, "[r]equests for recusal raised for the first time on appeal are generally rejected as untimely."[4]

AFFIRMED.

---

[1] *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014).

[2] *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

[3] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

[4] *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (citing *United States v. Sanford*, 157 F.3d 987, 988–89 (5th Cir. 1998)).