# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60492
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STARSKY DARNELL REDD, also known as Sealed Defendant #1,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-560

Before HAYNES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Starsky Darnell Redd, federal prisoner # 05967-043, filed a 28 U.S.C. § 2255 motion in 2010 alleging, *inter alia*, that his trial counsel had failed to adequately inform him of the consequences of proceeding to trial versus pleading guilty. Based in part on trial counsel's affidavit, the district court found that Redd had been so informed and denied the § 2255 motion. In 2017, Redd filed the instant motion pursuant to Federal Rule of Civil Procedure

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60492

60(d)(3) alleging that trial counsel perpetrated a fraud upon the court by lying in his affidavit about the advice he gave Redd. The district court denied the motion, and Redd timely appealed.

Because Redd's motion urged a procedural defect in his § 2255 proceedings, it was properly brought under Rule 60, and a certificate of appealability (COA) is required to appeal the district court's denial of the motion. *See Buck v. Thaler*, 452 F. App'x 423, 429 (5th Cir. 2011); *see also United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018), *petition for cert. filed* (U.S. Dec. 7, 2018) (No. 18-6992) *and* (U.S. Mar. 19, 2019) (No. 18-1222); *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). Redd's timely notice of appeal is construed as a COA request. *See United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998); FED. R. APP. P. 22(b).

Redd argues that the district court erred in denying his Rule 60(d)(3) motion because it was supported by an affidavit from Redd's former cellmate and because Redd had been unable to contact his former cellmate to obtain an affidavit showing that trial counsel lied in his own affidavit any sooner. He has not shown that reasonable jurists would find the district court's disposition of his Rule 60(d)(3) motion to be debatable or incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Accordingly, no COA will issue.

A COA is not necessary for us to review Redd's argument that the district court judge should have recused himself sua sponte based on bias because Redd's uncle had "brought charges" against the judge. *See Trevino v. Johnson*, 168 F.3d 173, 176-78 (5th Cir. 1999). However, because the argument is untimely and because Redd has not shown good cause for its untimeliness, we decline to consider it. *See Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001); *United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998).

AFFIRMED; COA MOTION DENIED.