# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2021

Lyle W. Cayce
Clerk

No. 20-30612
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER MICHAEL BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:01-CR-10012-2

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Christopher M. Brown was found guilty of five counts of drug distribution, including conspiracy. Brown was subject to statutory imprisonment terms of 10 years to life on the conspiracy count and 5 to 40 years on the other counts. Brown's guideline ranges were life in prison on all

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30612

counts, limited by the relevant statutory maximum sentence. The district court sentenced Brown to life in prison on the conspiracy count and 40 years in prison on each of the other counts, to be served concurrently.

Brown filed a motion for a sentence reduction under § 404 of the First Step Act. Brown also filed a pro se motion pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a sentence reduction on account of the COVID-19 pandemic and his medical conditions. The district court denied the First Step Act motion and dismissed the motion for compassionate release for lack of jurisdiction.

We review a district court's decision whether to reduce a sentence pursuant to the First Step Act for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 318-21 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). Brown argues that the district court failed to consider properly the 18 U.S.C. § 3553(a) factors. Brown's argument is simply a disagreement with the district court's implicit weighing of the § 3553(a) sentencing factors, which is not sufficient to establish an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). Brown has not shown that the district court abused its discretion. *See Jackson*, 945 F.3d at 319.

Brown's motion for compassionate release was denied for his failure to exhaust his administrative remedies. The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). Brown has not shown that the district court erred by finding that he did not exhaust his administrative remedies before filing the instant motion in the district court. *See Franco*, 973 F.3d at 467-49.

Brown has filed a motion seeking to have the district court judge recused from his case. Brown has provided no reason that this court should

No. 20-30612

consider the recusal issue for the first time in this appeal. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (citing *United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998)); *Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001). We decline to consider it.

AFFIRMED.