# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 26, 2022
Lyle W. Cayce
Clerk

No. 21-10901
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRACY JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-17-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Tracy Johnson, federal prisoner # 20140-077, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Johnson contends that the Fair Sentencing Act of 2010 (FSA), which modified the amount of cocaine base needed to trigger the statutory penalty range for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10901

certain offenses under 21 U.S.C. § 841(b), amounts to an extraordinary and compelling circumstance warranting a sentence reduction.

The FSA does not apply to Johnson's conviction under § 841(b)(1)(C). *See Terry v. United States*, 141 S. Ct. 1858, 1862-64 (2021). Because Johnson fails to raise his arguments that he is entitled to compassionate release based on Amendment 782 and the risk that a reinfection of COVID-19 poses to him due to his health issues, they are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Johnson thus fails to show that the district court abused its discretion in denying his motion for compassionate release. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Accordingly, the judgment of the district court is AFFIRMED. Johnson's motions for the appointment of counsel and recusal are DENIED. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008); *United States. v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998).