# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2023

Lyle W. Cayce
Clerk

No. 22-30322

Northern Frac Proppants, L.L.C.; Northern Frac Proppants, L.L.C., Series 1; Northern Frac Proppants, L.L.C., Series 2,

*Plaintiffs—Appellants,*

*versus*

Regions Bank, N.A.,

*Defendant—Appellee.*

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-811

Before Ho, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Northern Frac Proppants, LLC and its subsidiaries appeal the grant of summary judgment in favor of Regions Bank, N.A. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30322

I.

In 2012, Kenneth Landgaard formed Northern Frac Proppants, LLC ("NFP") to succeed the sand fracking business of his company NF Holdings. NFP was organized as a Series LLC. It later created two sub-entities, Northern Frac Proppants, LLC Series I ("Series I") and Northern Frac Proppants, LLC Series II ("Series II").

Soon after NFP's formation, Landgaard brought on Jefferies Alston to serve as chief executive officer, a member, and a manager of NFP. NFP authorized Alston to open a bank account on its behalf. On January 11, 2013, Alston opened an account at Regions Bank ("Account 0083") in NFP's name using NFP's EIN. NFP didn't inform Regions Bank of any limits on Alston's authority. NFP received monthly bank statements at an address Alston provided. In March 2013, NFP enrolled in online banking, giving it online access to account information, statements, and transactions. Each bank statement informed NFP of its duty to promptly review and report any problems reflected on the statement as well as time limits and procedures for reporting errors to Regions Bank.

A few months later, Alston created a new company, Northern Frac Proppants II, LLC ("NFP II"), unaffiliated with NFP, Series I, and Series II. Then Alston instructed Brian Mora, a signatory on Account 0083, to direct Regions Bank to change the name and EIN number of Account 0083 to NFP II's name and EIN number, effectively transferring all the assets in Account 0083 to NFP II. Regions Bank changed the EIN number on January 8, 2014, and the account name to Northern Frac Proppants II, LLC on March 31, 2014. The February 2014 statement was the last one addressed to "NORTHERN FRAC PROPPANTS LLC." The March 2014 statement reflected the change of ownership, addressing "NORTHERN FRAC PROPPANTS II LLC" in three separate places. NFP still had access to

2

Account 0083's information and bank statements after the change. Regions Bank didn't receive any complaints or reported errors from NFP.

From 2015 to 2017, Landgaard, NF Holdings, and NFP brought a series of lawsuits against Alston and others—but not Regions Bank. In compliance with subpoenas, Regions Bank produced the February 2014 and March 2014 bank statements three times beginning in March 2017. The email exchange between Mora and Regions Bank to change the name and EIN number of Account 0083 was introduced as an exhibit in a deposition of Mora on July 10, 2018.

After these lawsuits settled, NFP, Series I, and Series II (collectively "the NFP Entities") commenced this action against Regions Bank in November 2019. They brought Louisiana state law claims alleging breach of contract, negligence, and violation of the Louisiana Uniform Fiduciaries Law.

The parties conducted discovery. Regions Bank filed a motion for summary judgment. Then the district judge sua sponte recused himself and reassigned the case to another judge. One week later, both judges issued an order, stating:

> On February 11, 2022, the presiding Judge entered an order recusing himself from the above-captioned action. (Doc. 94). Upon further review, this recusal order was entered in error. Accordingly, IT IS ORDERED that the February 11, 2022 Order of Recusal (Doc. 94) be and is hereby STRICKEN. IT IS FURTHER ORDERED that the above-captioned action be and is hereby returned to the Hon. Brian A. Jackson for all further proceedings.

ROA.5227. Neither party objected.

The district court awarded summary judgment for Regions Bank in April 2022. Of relevance here, the district court concluded that the NFP

Entities' negligence and breach of contract claims were time-barred and the doctrine of *contra non valentem* could not save the NFP Entities' claims. The NFP Entities appealed.

## II.

The NFP Entities first urge us to vacate the summary judgment order because the recusal order violated 28 U.S.C. § 455(e). True, the district court erred by failing to follow the procedures of § 455(e). *See Doddy v. OXY USA, Inc.*, 101 F.3d 448, 458 (5th Cir. 1996).

But the NFP Entities' objection is untimely. *See United States v. Sanford*, 157 F.3d 987, 989 (5th Cir. 1998) (holding that a challenger's "objection [was] untimely" when he "knew of the facts purportedly causing an appearance of impropriety" under 28 U.S.C. § 455 but waited to raise the recusal issue for the first time months later and on appeal). The NFP Entities were obligated to raise this objection "at the earliest moment" after they learned of the violation. *Id.* at 988 (quotation omitted). The NFP Entities knew of the rescinded recusal order on February 18, 2022. They then brought several motions before the district court without mention of the order. In fact, the NFP Entities *never* raised this issue in the district court. They instead waited until *after* the district court entered a summary judgment order against them and *after* they appealed. *See id.* at 989 (rejecting a recusal objection "on appeal when the challenger waited to see if he liked an outcome before springing the recusal issue"). The NFP Entities have not shown "good cause" for this delay nor "exceptional circumstances why we should consider the issue for the first time on appeal." *Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001) (quotation omitted).

## III.

We now proceed to the merits. We review the district court's summary judgment determination de novo. *See Playa Vista Conroe v. Ins. Co.*

No. 22-30322

*of the W.*, 989 F.3d 411, 414 (5th Cir. 2021). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). We agree with the district court that both (A) the breach of contract and (B) the negligence claims are time-barred.[1]

## A.

First, we assess the breach of contract claim. Under Louisiana law, these claims are subject to a ten-year prescription period. *See* LA. C.C. art. 3499. But a more specific statute can provide a shorter limitations period. *See id.*; *Smith v. Citadel Ins. Co.*, 19-00052 (La. 10/22/19), 285 So. 3d 1062, 1067. Here, the one-year bar from La. R.S. § 10:4-406 applies. This statute "places a duty on a bank customer to examine the bank statement and notify the bank of any unauthorized transactions." *Ducote v. Whitney Nat'l Bank*, 16-574 (La. App. 5 Cir. 2/22/17), 212 So. 3d 729, 734, *writ denied*, 17-0522 (La. 5/26/17), 221 So. 3d 860. The statute provides:

> (a) A bank that sends or makes available to a customer a statement of account showing payment of items for the account shall either return or make available to the customer the items paid or provide information in the statement of account sufficient to allow the customer reasonably to identify the items paid. The statement of account provides sufficient information if the item is described by item number, amount, and date of payment. . . .
>
> (c) If a bank sends or makes available a statement of account or items pursuant to Subsection (a), the customer must exercise reasonable promptness in examining the statement or the items

---

[1] The NFP Entities do not contest the district court's dismissal of their Uniform Fiduciaries Law claim against Regions Bank. Thus, we do not reach this issue. *See Allen v. U.S. Postal Serv.*, 63 F.4th 292, 299 (5th Cir. 2023).

No. 22-30322

to determine whether any payment was not authorized because of an alteration of an item or because a purported signature by or on behalf of the customer was not authorized. If, based on the statement or items provided, the customer should reasonably have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.

LA. R.S. § 10:4-406. And "La. R.S. 10:4–406(f) imposes an absolute bar to any customer claim based upon an unauthorized transfer not reported within one year after the bank statement has been made available." *Ducote*, 212 So. 3d at 734. It provides in full:

> (f) Without regard to care or lack of care of either the customer or the bank, a customer who does not within one year after the statement or items are made available to the customer (Subsection (a)) discover and report the customer's unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration. If there is a preclusion under this Subsection, the payor bank may not recover for breach of warranty under R.S. 10:4-208 with respect to the unauthorized signature or alteration to which the preclusion applies.

LA. R.S. § 10:4-406(f). Regions Bank changed the name of Account 0083 on March 31, 2014. This name change was an unauthorized transfer within the meaning of the statute. *See Ducote*, 212 So. 3d at 734. The March 2014 statement reflected this change in three separate places. The NFP Entities had access to the March 2014 statement via online banking. But the NFP Entities failed to exercise "reasonable promptness in examining the statement . . . to determine whether any payment was not authorized," LA. R.S. § 10:4-406(c), and then "discover and report" the problem in one year, *id.* § 10:4-406(f); *see also Costello v. City Bank (S.D.), N.A.*, 45,518 (La. App. 2 Cir. 9/29/10), 48 So. 3d 1108, 1113 ("Plaintiffs' failure to review the statements which were sent to them has caused their claims to prescribe.").

The NFP Entities "should reasonably have discovered the unauthorized payment" "based on the statement" and alerted Regions Bank. Lᴀ. R.S. § 10:4-406(c). And even if the March 2014 statement was insufficient to notify them under Subsection (a), they later had sufficient information. NFP CEO Landgaard had a copy of the email transferring the account at least as early as July 10, 2018. *See Ducote*, 212 So. 3d at 736 (holding that where a customer received memos recording unauthorized fund transfers over email and telephone, the customer had sufficient notice). But the NFP Entities *never* presented this problem to Regions Bank and sued over a year later in November 2019. Thus, their breach of contract claim is barred.

## B.

The NFP Entities' negligence claim is also time-barred. Under Louisiana law, negligence actions are subject to a one-year prescription period, beginning on "the day injury or damage is sustained." Lᴀ. C.C. art. 3492. The NFP Entities concede they did not bring the negligence claim within this time frame.

The doctrine of *contra non valentem* does not save their claim. This doctrine tolls the statute of limitations against a plaintiff "whose cause of action is not reasonably known or discoverable by him" until "the date the negligence was discovered or should have been discovered by a reasonable person in the plaintiff's position." *Teague v. St. Paul Fire & Marine Ins. Co.*, 2007-1384 (La. 2/1/08), 974 So. 2d 1266, 1274–75. The NFP Entities had the Account 0083 statements, cancelled checks, and signature cards addressed to NFP II as well as notice of the email transferring Account 0083 for more than one year before they filed this lawsuit. Over a year passed from the date a reasonable person should have discovered the negligence. *See id.*

AFFIRMED.